MERRITT HAWKINS & ASSOCIATES, LLC, Plaintiff,

v.

Larry Scott GRESHAM and Billy Bowden, Defendants.

No. 3:13–cv–00312–P.

United States District Court,
N.D. Texas,
Dallas Division.

June 7, 2013.

Brian A. Colao, Christine A. Nowak, Dykema Gossett, PLLC, Amber T. Welock, Welock Law, P.C., Dallas, TX, for Plaintiff.

Jeffrey M. Tillotson, Katherine Helen Bennett, Lynn, Tillotson, Pinker & Cox, LLP, Dallas, TX, for Defendants.

### ORDER

JORGE A. SOLIS, District Judge.

Now before the Court is Defendant Larry Scott Gresham's ("Gresham") Motion to Dismiss Under Rule 12(b)(6), filed on February 21, 2013. (Doc. 7) Plaintiff filed a Response on March 21, 2013. (Doc. 12) Defendant filed a Reply on April 4, 2013. (Doc. 14) After reviewing the parties' briefs, the evidence, and the applicable law, the Court DENIES Gresham's Motion to Dismiss.[1]

### I. Background

Gresham's Motion to Dismiss responds to Plaintiff Merritt Hawkins & Associates, LLC's ("MHA") allegation that he unlawfully took documents from an MHA computer. (Doc. 1, p. 1) MHA pairs physicians and other healthcare professionals with healthcare organizations such as hospitals and medical groups. (*Id.* at 3) MHA's clients range from large medical organizations to small and mid-size regional organizations. (*Id.*)

On September 24, 2012, Gresham voluntarily resigned from his position with MHA and then began working at Consilium, a competitor to MHA. (*Id.*) MHA then initiated a review of Gresham's MHA email, computer, and physical access activity. (*Id.* at 13) MHA found that, on the day before his resignation, Gresham used his badge to access MHA's offices outside of normal business hours. (*Id.*) MHA then employed a forensic computer expert to analyze Gresham's activities while he was at the office on that day. (*Id.* at 14) According to MHA, its forensic expert discovered that Gresham mass downloaded over 400 files from MHA's computer and computer network to his personal USB

---

1. In the Original Complaint, MHA also requested temporary injunctive relief. (Doc. 1, p. 27) As MHA has failed to provide any evidentiary support for this equitable request, that motion is DENIED.

drive. (*Id.*) The files contained confidential information including: call scripts, doctor and healthcare provider curriculum vitae and references, interview letters, hospital profiles, letters of agreement or offer, and client worksheets and write ups. (*Id.*) The expert also determined that Gresham attempted to hide evidence that he had accessed the computer by deleting his "home directory," which was comprised of more than 500 files. (*Id.* at 15) MHA claims that then Gresham copied all of the files in his "My Documents" and then deleted the files. (*Id.*) MHA believes that many of these files also contained confidential information. (*Id.*) MHA alleges that Gresham has not made any effort to return any of the confidential information. (*Id.*)

On January 24, 2013, MHA sued Gresham for violating the Computer Fraud and Abuse Act ("CFAA"), 18. U.S.C. § 1030 *et seq.*[2] (*Id.* at 16) Gresham now moves to dismiss, arguing that MHA failed to adequately plead that he accessed a "protected computer," as the CFAA requires. (Doc. 7, pp. 1–2)

## II. Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when a defendant shows that the plaintiff failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The factual matter contained in the complaint must allege facts, *not* legal conclusions dressed up as facts. *Id.* at 1949–50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, [courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). A complaint states a "plausible claim for relief" when the factual allegations, viewed in a light most favorable to the plaintiff, imply actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.; In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007).

## III. Analysis

Gresham moves to dismiss for failure to state a claim. (Doc. 7) He argues that MHA inadequately "makes the bare allegation that its computers qualify as 'protected computers.'" (*Id.* at 4). MHA responds that its computers are "protected" because they are used in interstate commerce in "the course of [its] business." (Doc. 13, p. 4) Taking the facts in a light most favorable to MHA, the Court finds that MHA has adequately pleaded that Gresham accessed a "protected computer." The facts in the Original Complaint appropriately suggest that (1) MHA used its computers in the course of its interstate business and that (2) Gresham's workplace computer was internet connected.

The CFAA states that "[w]hoever knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value ... shall be punished...." 18 U.S.C.A. § 1030(a)(4) (West 2000); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 581 (1st Cir.2011). In the CFAA, Congress defines a "protected

---

**2.** Although the CFAA is primarily a criminal statute, § 1030(g) creates a civil cause of action. *Fiber Sys. Int'l, Inc. v. Roehrs,* 470 F.3d 1150, 1157 (5th Cir.2006).

computer" as a computer that "is used in or affecting interstate or foreign commerce or communication...." 18 U.S.C.A. § 1030(e)(2)(B) (West Supp. 2012). Pleading specific facts that the defendant accessed a computer connected to the internet is sufficient to establish that the accessed computer was "protected." *See United States v. Trotter*, 478 F.3d 918, 921 (8th Cir.2007) (holding that the accessed computer was "protected" because defendant "admitted the computers were connected to the Internet."); *Becker v. Toca*, No. 07–7202, 2008 WL 4443050, at *5 (E.D.La. Sept. 26, 2008) (plaintiff sufficiently pleaded that computer was "protected" because he claimed that "computers were connected to the internet.") *cf. Advantage Ambulance Grp., Inc. v. Lugo*, No. 08–3300, 2009 WL 839085, at *2 (E.D.Pa. Mar. 30, 2009) (plaintiff failed to adequately plead that defendant accessed a "protected computer" because complaint only provided a "formulaic recitation of the action's elements") (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

█ Where a plaintiff does not allege specific facts that a defendant accessed a "protected computer," courts may reasonably infer from other factual allegations that the accessed computer was used in interstate commerce, and is therefore "protected." *See Quantlab Techs. Ltd. (BVI) v. Godlevsky*, 719 F.Supp.2d 766, 777 (S.D.Tex.2010); *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, No. 2:11–cv–01073, 2012 WL 3862209, at *6 (S.D.Ohio Sept. 5, 2012) ("Allegations that a computer used to engage in email communications is sufficient to support the inference that the computer was connected to the internet and therefore within the purview of § 1030(e)(2).").

In its Original Complaint, MHA alleges that its "computers and computer systems are 'protected computers' as the term is defined in 18 U.S.C. § 1030(e)(2)(B) because they are used in interstate commerce and communication in the course of Plaintiff's business." (Doc. 1, p. 17) Moreover, the Original Complaint contains other relevant facts that occurred after MHA discovered that Gresham had left for Consilium:

> MHA initiated a review of Gresham's MHA *email*, computer and physical access activity. During this review, MHA discovered that just hours before formally tendering his resignation on Monday morning, Gresham had accessed MHA's offices (on Sunday, September 23, 2012 outside of normal business hours) using his MHA security badge.... MHA ... learned through [its] review that all of Gresham's "home directory" files were missing.

(Doc. 1, p. 13) (emphasis added) MHA employed a "forensic computer expert to more closely analyze Gresham's activities." (*Id.* at 14) MHA alleges that the expert "discovered extraordinary activity by Gresham on Plaintiff's computer and/or computer network," including the following:

> Gresham mass-accessed and is believed to have downloaded for himself in excess of four-hundred (400) files from Plaintiff's computer and/or computer network. By way of example, MHA has learned that Gresham accessed the following confidential and proprietary information: (1) call scripts, (2) doctor and/or healthcare provider curriculum vitae and/or references, (3) interview letters, (4) hospital profiles, (5) letters of agreement and/or offer, and (6) client worksheets and/or write ups. ¶ Upon information and belief, Gresham copied all of these documents to his own personal USB Drive.
>
> . . .

Gresham also contemporaneously (on that Sunday, September 23, 2012) attempted to hide his access/theft by deleting the entirety of his "home directory." Gresham's home directory was comprised of well over five-hundred (500) files and includes, but is not limited to, files which he mass-accessed. ¶ Gresham then further proceeded to delete all of those files on his Desktop and/or in his My Documents folder. Indeed, it appears that Gresham "drug" the contents of his Desktop and My Documents folder into his Recycle Bin, in essence executing a mass delete function/command.

(*Id.* at 14–15)

Gresham's motion to dismiss rests upon the unavailing argument that MHA's allegations are "bare" and "conclusory." (Doc. 7, p. 4) Conclusory means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary 329 (9th ed. 2009). MHA's statements are not conclusory because the inference that its computers are used in interstate commerce is properly based upon on facts indicating that these computers are used in the course of its business, which appears to cross state lines. In its Original Complaint, MHA stated that its clients are "large medical organizations to small and mid-size regional organizations." (Doc 1, p. 3) Observing these facts in a light most favorable to MHA, it does not stretch credulity to infer that "large medical organizations" and "mid-size regional organizations" include organizations located in several states or in a different state than MHA. Therefore, it is plausible that the accessed computer was used in interstate commerce during the course of MHA's business dealings and was thus "protected" for CFAA purposes. *Nordstrom Consulting, Inc. v. M & S Techs., Inc.*, No. 06 C 3234, 2008 WL 623660, at

*12 (N.D.Ill. Mar. 4, 2008) (computer was "protected" because plaintiff used it in "day-to-day" business selling its product across state lines).

Moreover, even assuming that MHA's clients and its other business ties are located exclusively in Texas, experience and common sense suggest that Gresham's workplace computer was connected to the internet. *See Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 ("Determining whether a complaint states a plausible claim for relief ... will require the reviewing court to draw on judicial experience and common sense."). First, MHA notes in its Original Complaint that it reviewed Gresham's work emails. (Doc. 1, p. 13) Given the ubiquity of email use in the workplace, it is highly likely that Gresham sent these emails using the internet while at his workplace computer. Second, the Original Complaint states that Gresham downloaded and took files from MHA's network, an action that is commonly associated with an internet connection. (*Id.* at 14–15) In all, because the facts in the Original Complaint outline that Gresham was at his workplace computer when he took MHA's confidential documents and that the same work computer was connected to the internet, MHA has adequately pleaded that Gresham accessed a "protected computer." *See Freedom Banc,* 2012 WL 3862209, at *6 (computer capable of email communications is sufficient to support the inference that the computer was "protected"); *Expert Janitorial, LLC v. Williams,* No. 3:09–CV–283, 2010 WL 908740, at *8 (E.D.Tenn. Mar. 12, 2010) (finding that plaintiff adequately alleged that defendant used "protected computer" because defendant accessed plaintiff's employees' email accounts). Accordingly, Gresham's arguments do not merit dismissal, and the Motion should be denied.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Gresham's Motion to Dismiss.

**IT IS SO ORDERED.**